The State v. Casey.

## THE STATE V. LEWIS F. CASEY.

A recognizance on appeal is defective unless it designates the time when the defendant is bound to make his appearance. This will not be supplied by intendment; but may be done by stating the term of the District Court at which the defendant is required to appear.

A valid recognizance must contain the requisites prescribed in Article 263 of the Code of Criminal Procedure.

APPEAL from San Augustine. Tried below before the Hon. R. S. Walker.

Indictment against the appellee, quashed on his motion. The district attorney appealed on behalf of the State. Motion of appellee to dismiss for want of a sufficient recognizance, the character of which sufficiently appears in the opinion.

*Attorney-General,* for appellant.

*A. W. O. Hicks,* for appellee.

MOORE, J.—The motion to dismiss the appeal in this case, for want of a sufficient recognizance, must be sustained. Article 723 of the Code of Criminal Procedure declares that, " The defendant shall also be required, when the State appeals, to enter into recognizance to appear before the District Court to answer the criminal accusation against him, in case the judgment of the District Court be reversed." If this were the only provision of the Code bearing upon the question, it might be, in view of the objects and purposes to be subserved by the recognizance, and testing it alone by common law principles, that it could be held sufficient. But there are other portions of the Code to which we must look; for although this article does not prescribe what ingredients or stipulations are necessary in the recognizance, into which it requires the defendant to enter, yet, by a reference to article 263, of the same Code, we find the requisites of a sufficient recognizance to bind a defendant and his sureties specifically enumerated. The

The State v. Casey.

fourth sub-division reads as follows, to-wit: "4, That *the time* and *place* when and where the defendant is bound to appear, be stated, and *the court* before which he is bound to appear." The recognizance in this case stipulates that the defendant shall "be and appear before the District Court for San Augustine county, to be holden in the town of San Augustine." The recognizance it will be seen, while it contains the place and court at which the defendant was bound to appear, entirely fails to designate *any time* when he should appear. In this respect it evidently falls short of the requirements of the Code. And the court can not by intendment or construction of the other stipulations of the recognizance supply its omission. If it had declared that the defendant should appear at the next term of said court, or at the next term to be holden after the final disposition of the case in this court, as the time of holding the court is fixed by law, this would probably have been a sufficient designation of the time at which he was bound by the recognizance to appear. But this recognizance does not designate any particular term of the court at which the defendant shall be present. His appearance at the next, or any subsequent term of said court, would fulfil its obligation. The court can not say when he should be declared to be in default. Nor can we say that the stipulation "to appear before the District Court," &c., requires him to appear at each term of said court, and, as they are designated by law, that the time when he shall appear is thus sufficiently stated in the recognizance. This would be to make one of the ingredients of a sufficient recognizance, without any superfluous or additional expression, to imply another and distinct requisite made essential to its validity by the Code.

The motion is sustained and the appeal dismissed.

, Appeal dismissed.