HARMON WARD AND S. P. HAMILTON v. THE STATE OF
TEXAS.

A bail bond is fatally defective which does not require the defendant to ap-
pear at any particular place or county, to answer the charge against
him; and it is error to render judgment final by default upon *scire facias*
based on such bond.

ERROR from Freestone. Tried below before the Hon.
John B. Rector.

This case was brought to the Supreme Court by writ of
error, from a final judgment by default, on the following
bail bond:

"THE STATE OF TEXAS, ⎱ Know all men by these pres-
*County of Freestone*. ⎰ ents, that we, J. W. Orchard,
as principal, and Harmon Ward and S. P. Hamilton, as
sureties, bind ourselves unto the State of Texas, in the
sum of two hundred dollars, conditioned that the said
John W. Orchard will appear in person at the next reg-
ular term of the District Court, August term, 1871, then
and there to answer the State of Texas, of theft of beef
steer, filed at the April term of the District Court, 1871.

" Witness our hands and scrolls for seals, this —— day
of ——, 1871.

　　　　　　　"JOHN W. ORCHARD, [Seal]
　　　　　　　"HARMON WARD, [Seal]
　　　　　　　"S. P. HAMILTON, [Seal]

"Bond taken and approved, this second day of August,
1871.

　　　　　　　"J. B. ROGERS, Sheriff,
　　　　　　"By T. J. Tatum, Deputy."

No brief for plaintiff in error has been furnished the
Reporters.

*Attorney-General*, for the State.

OGDEN, J.—The Attorney-General confesses many errors in the record and judgment of this case, but one of which do we deem it necessary to notice.

Judgment final was entered upon a forfeited bail bond, but the bond is fatally defective in not requiring the defendant to make his appearance at any particular place or county to answer the charge against him. In this respect the bond fails to comply with the requirements of the statute, and is insufficient to support any judgment whatever.

The judgment is therefore reversed and the cause dismissed.

REVERSED AND DISMISSED.