JEFF ABER v. F. M. WARDEN.

1. FORFEITED BAIL-BOND CASES—APPEAL.—It has been held by this court that appeals in forfeited bail-bond cases are to be taken to the Court of Appeals, and not to the Supreme Court.

2. INJUNCTION RESTRAINING OVERCHARGES BY OFFICERS.—An injunction to restrain the collection in money of the commissions of the sheriff and county attorney in a judgment on a forfeited bail bond, the defendant having tendered the amount of the judgment in county scrip of the county where the judgment was rendered, is too closely connected with the judgment on the bail bond to be separable from it. A judgment upon such injunction suit would be revisable only in the Court of Appeals.

APPEAL from Montague.    Tried below before the Hon. J. A. Carroll.

This case was submitted on an agreed statement, as follows:

" 1st. That at the June Term of the District Court of Montague county, 1877, a final judgment on a forfeited bail bond was rendered against H. C. Newbury, as principal, and Lee N. Perkins, Jeff Aber, plaintiff, and A. J. Tucker, sureties, for the sum of $150 and costs.

" 2d. That on the 11th day of September, 1877, an execution was issued on said judgment, directed to any constable of Montague county, (said Lee N. Perkins being sheriff of Montague county,) which execution was placed in the hands of appellee, who was constable of said county, for collection.

" 3d. After the issuance of said execution, and before the levy of the same, appellant paid to appellee all costs of said suit, except the sheriff's and county attorney's commissions on the amount of said execution, and tendered to appellee the full amount of said execution in valid county scrip of said county; that appellee refused to accept said scrip in payment of said sheriff's and county attorney's commissions, but demanded the payment of said commissions in lawful currency of the United States, which appellant refused to pay.

" 4th. That upon said refusal of appellant, appellee proceeded to make a levy upon appellant's property, in order to collect said commissions in money as aforesaid, whereupon appellant sued for and obtained the writ of injunction which has been dissolved in this case.

" 5th. The only issue submitted, is whether said commissions can be discharged in said county scrip, or whether they can be demanded and collected, under the facts, in lawful currency of the United States.

*Grigsby & Ellis,* for appellant.

*Stephens & Matlock,* for appellee.

GOULD, ASSOCIATE JUSTICE.—Appellant was one of several

sureties on a forfeited bail bond, against whom judgment final
had been entered up in the District Court of Montague county.
Execution issued, and was levied on appellant's property, and
he sued out of said court an injunction restraining the sale,
alleging that he had paid all the costs, except the sheriff's
and county attorney's commissions, and had tendered the full
amount of the execution in valid county scrip of the county.
It appears, from an agreed statement, that the officer who
made the levy claimed that the commissions of the county
attorney and sheriff were payable in United States currency.
The District Court, on the hearing, dissolved the injunction,
holding that the statute authorizing payment of bail bonds in
county scrip does not apply to the commissions of the officers
named.   From the judgment dissolving the injunction and
dismissing the case, an appeal was taken to this court.

Our opinion is, that the appeal should have been to the
Court of Appeals.   It has been held by this court, after full
argument and on mature consideration, that appeals in for-
feited bail-bond cases are to be taken to the Court of Appeals,
and not to this court.   The enforcement of such bonds was
regarded as incidental to the criminal case in which they are
given, and our opinion is, that the question presented in this
case is too closely connected with the judgment on the bail
bond to be separable from it.   Indeed, the amount involved
being less than four hundred dollars, the District Court would
not have had jurisdiction but for the fact that the subject-
matter of the suit was connected with, and incidental to, a
judgment or proceeding in that court.   The question is really
as to the construction and legal effect of that judgment and
the process issued thereon, and is one which might have been
presented to the District Court by a mere motion in the prin-
cipal case, instead of resorting to a separate suit.   If such a
motion had been made, the action of the court thereon would
be revisable only in the same court in which the judgment
itself would be revised, to wit, the Court of Appeals.   The
mere fact that an injunction was found necessary to protect

the appellant, cannot operate to give this court jurisdiction. The proceeding is still, in substance, no more than a motion in a bail-bond case, calling on the District Court to construe its judgment and to regulate the enforcement of its process.

As this court has no jurisdiction of the case, it must be dismissed.

DISMISSED.