## In Re FRANK S. TARTAR.

### Division Two, June 3, 1919.

1. **HABEAS CORPUS: Motion For Judgment on Pleadings: Facts.** Where the entire record consists of an application for a writ of *habeas corpus*, the return, and petitioner's answer to the return, together with respondents' motion for judgment on the pleadings, the facts must be taken from the return.

2. **CONSTITUTIONALITY OF STATUTE: Raised by Party Not Affected.** Before a person may be heard to question the constitutional validity of a statute he must be in such a position as regards it as to be directly affected by it.

3. ———: ———: **Fee for Bail Bond: No Bond Tendered.** Before a party arrested for a violation of a city ordinance can be in a legal position to question the constitutional validity of the statute (Sec. 3459, R. S. 1909) exacting "a fee of fifty cents for each and every bond taken by any police officer" for his appearance in the proper court, he must tender a good and sufficient bond, signed by a good and sufficient surety; for lacking either of these things, the police officer was warranted in refusing to take and approve the bond tendered.

4. **APPEARANCE BOND: Insufficiency.** A mere printed skeleton form of a bond, which does not set forth in the body thereof the name of either the principal or surety, nor the sum specified as a penalty, nor any date for the appearance of the principal, nor any certain court before whom he is to appear, and which is not signed by a qualified surety, or approved by a proper indorsement thereon, although signed by the principal and such disqualified surety, is not a sufficient appearance bond.

5. ———: ———: **Custom: Waiver.** The fact that it had long been the custom of the police officer to accept a mere skeleton form of a bond, with none of the essentials of a sufficient bond appearing

In re Tartar.

therein, except the signature of the principal, and the further signature of a person disqualified to act as surety, did not constitute waiver and make it the duty of the officer to accept the skeleton paper tendered by the person under arrest.

6. ———: ———: **Officer Without Power to Waive.** An ordinance authorizing a police officer to take and approve the bond of a person arrested for a municipal offense is the officer's power of attorney to take and accept the bond, and such arrested person will not be heard to deny knowledge of the terms of the ordinance, or to assert that the officer had power to waive a compliance with such terms. It would be against public policy to require the city for which such officer acts, or assumes to act, to suffer to be bound by his waivers.

7. ———: **Disqualified Surety.** Where the ordinance provides that no one "who shall have standing against him an unsatisfied judgment rendered on a forfeiture of bond" shall be accepted as surety on an appearance bond, a bond signed by such person as its only surety is not sufficient, and the officer to whom such bond is tendered is not required to accept it.

*Habeas Corpus.*

WRIT QUASHED.

*C. J. Anderson* for relator.

(1) That portion of Sec. 3459, R. S. 1909, in issue here is unconstitutional, null and void, in this: (a) It is violative of Article 4, Section 53, Clause 26, of the Constitution of 1875, in this: that it is a special law, and attempts to grant to a private corporation and its members a special and exclusive right and privilege, which is denied to other persons in the same class. (b) It is violative of Article 4, Section 46, of the Constitution in that it attempts to grant public money to a private corporation and the individual members thereof. (c) It is violative of Article 4, Section 47, in that it attempts to authorize various cities to grant public money in aid of private corporations, and the individual members thereof. (d) It is violative of Article 10, Section 3, of the Constitution in that it permits the levying of taxes for private purposes. State ex rel. v.

Kimmel, 256 Mo. 611; State ex rel. Heaven v. Ziegen-heim, 144 Mo. 283; State ex rel. v. Switzler, 143 Mo. 287; State ex rel. v. St. Louis, 216 Mo. 47. (2) That portion of Sec. 3459, R. S. 1909, as amended by the Laws 1913, page 192, is violative of the Fourteenth Amendment of the Constitution of the United States in that it deprives each person arrested of property (fifty cents in cash) without due process of law. Every person arrested must, under this law, pay the fifty cents bond fee, in order to be released on bond, regardless of whether such person is innocent or guilty of the charge placed against him. (3) That portion of Sec. 3459, R. S. 1909, in issue here is violative of Article 4, Section 53, Clause 26, of the Constitution of Missouri, in that it grants a special and exclusive right, privilege and immunity to such police officers and police officials as are members of the St. Louis Police Relief Association, and denies the same to such police officers and police officials as are not members thereof. State ex rel. v. Tolle, 77 Mo. 645; State ex rel. v. Miller, 100 Mo. 439; State ex rel. v. Loomis, 115 Mo. 307. (4) What becomes of the fifty cents fee after it is collected by the police officer is a very essential subject of inquiry in determining the constitutionality of the law. If the ultimate destination of the money collected is unlawful, then such law thereby becomes invalid, null and void. State ex rel. Heaven v. Ziegenheim, 144 Mo. 283; State ex rel. v. Switzler, 143 Mo. 287; State ex rel. v. St. Louis, 216 Mo. 47.

*Holland, Rutledge & Lashly* for respondents.

(1) Relator is not entitled to the writ upon the record presented here, because he did not at the time and never has since tendered a good bond with an eligible and qualified security. (a) It is admitted by the pleadings that Ike Grodsky, the person tendered as security upon this bond, had at the time an unsatisfied judgment upon a bond forfeiture and several unsatisfied bond forfeitures pending against him and under the

ordinance this circumstance rendered him ineligible as a bondsman, irrespective of his property or other qualifications. (b) The clerk in charge of the police station did not and could not waive the ineligibility of a proffered bondsman, whatever may have been his opinion as to the qualifications of the bondsman or his act in connection therewith. Police clerks have no inherent power to make or accept bail and can do so only by statutory (in this case ordinance) authority. 6 Corpus Juris, par. 207, p. 981. (c) The police clerk could not waive the ineligibility of a bondsman because the ordinance conferring power upon the clerk to approve and accept a bond limits that power to persons described in said ordinance as eligible, and the ordinance expressly disqualifies and makes ineligible attorneys-at-law, police officers, constables or deputy constables, officers of the city and persons who have standing against them an unsatisfied judgment rendered on a forfeiture of bond. (d) The ordinance thus describes the conditions regulating eligibility of bondsmen, and since it is the only means or semblance of authority which the clerk has for approving bonds, it may not be waived by him, for if the ordinance is waived he has no power in the premises at all. (e) The ''bond'' offered and tendered here is not a bond at all, and while such blanks may have been accepted in ordinary practice, where, as here, the person applying for bail undertakes to tender a ''good and sufficient bond'' and stands upon his tender and insists upon his right to bail under said bond, the law will scan the instrument thus tendered and his case must stand or fall upon its legal sufficiency. State v. Wilson, 265 Mo. 19. (2) Upon the face of the pleadings no constitutional question is introduced or involved in this case and no constitutional question can therefore be properly considered by the court in its decision. Lohmeyer v. Cordage Co., 214 Mo. 688; State ex rel. v. Electric Co., 250 Mo. 527; Street v. School District, 221 Mo. 671; Milling Co. v. Blake, 242 Mo. 23. (3) Even if it should be held that the constitutional validity of

that part of Sec. 3459, R. S. 1909, relating to the bond fee, may properly be considered in this case, nevertheless, upon the record here, the writ should be quashed and the case dismissed. (a) The statute is valid and constitutional. State ex rel. v. Herman, 75 Mo. 354; Lynch v. Murphy, 119 Mo. 163; White v. Railroad, 230 Mo. 287; State v. Rawlings, 234 Mo. 544; (b) The Legislature has the right to make reasonable terms upon which one may be admitted to bail. (c) The service required to be performed under the city ordinance, namely, examination of the surety, furnishing of the necessary conveniences for preparing a bond, making out, approving and filing same, are all in connection with and incidental to admitting the applicant to bail, and a charge of fifty cents for this service cannot be held to be unreasonable or objectionable. (4) The unconstitutionality of a statute on the ground that it denies equal rights and privileges by discriminating between persons or classes of persons may not be raised by one not belonging to the class alleged to be discriminated against. 12 Corpus Juris, p. 768, par. 789; State v. Parker Distilling Co., 236 Mo. 219; McCully v. Railroad Co., 212 Mo. 53; State v. McIntosh, 205 Mo. 589. (5) The fact that a part of the statute has been held to be unconstitutional does not affect the validity of the remainder. Green Co. v. Lydy, 263 Mo. 95; State ex rel. Bixby v. City of St. Louis, 241 Mo. 231; State ex rel. v. Gordon, 236 Mo. 142; State ex rel. v. Taylor, 224 Mo. 393.

FARIS, J.—This is an original proceeding under the Habeas Corpus Act, brought by petitioner against Martin O'Brien, Chief of Police of the City of St. Louis, and A. W. Schwartz, Captain in command of the Central Police District of said city (herein called respondents), wherein petitioner avers that he is being restrained of his liberty by respondents.

The facts in the case are disclosed by the pleadings, which consist of the application for our writ, the return of the respondents thereto, and the answer of petitioner

to said return. The above pleadings together with re-spondents' motion for judgment thereon, constitute the whole record in the case. Under settled rules of law, to which more definite reference will be made in the opinion, the conceded facts in the case must for the pur-pose of this discussion be taken from the return of the respondents. This return shows—and therefore the facts are—that respondent Martin O'Brien is Chief of Police of the City of St. Louis, and that respondent A. W. Schwartz is Captain of Police of said city in charge of the Central Police District thereof. On the 26th day of November, 1918, petitioner was arrested by a police officer of the City of St. Louis on the charge of having violated the provisions of an ordinance of said city regulating automobile traffic on the streets thereof. Petitioner was taken to the station of the Central Police District, accompanied by his attorney, and, presumably, by one Ike Grodsky. Both petitioner and said Grodsky as his proposed security signed a paper which is re-ferred to in the pleadings and briefs in the case as a "bail bond." This so-called bail bond, as signed and tendered for filing and approval (omitting venue and the residences of petitioner and said Grodsky), reads as follows:

> We, the undersigned,———————————— as principal, and——————————————as security do hereby acknowledge our-selves each to be indebted to the City of St. Louis in the sum of ——————hundred dollars, to be levied upon our respective goods, chattels, lands and tenements
>
> UPON CONDITION, that if the said above named principal shall personally be and appear before the City Court Judge of the City of St. Louis, at City Court————of said City, on the—— day of——————, 191— at the opening of the aforesaid City Court, in the forenoon of said day, then and there to answer a charge of violating an Ordinance of said City, and shall also appear on any future day to which this cause may be continued, and shall not depart thence without leave being first had and obtained from said City Court Judge, then this recognizance to be null and void, otherwise to remain in full force and effect.
>
>              Principal  FRANK S. TARTAR  [Seal]
>              Security  IKE GRODSKY  [Seal]
>   Taken and certified this—— day of——————————, 191—
> ——————————in charge of——————————District.

While there is a blank space on the so-called bail bond which was apparently intented for the signature of the police officer, or so-called desk sergeant, in charge of the police station, evidencing the approval of such bond by such officer, no such signature or approval—as will be noted—appears on the above paper.

The return avers that Ike Grodsky, whose signature appears on the above paper as the proffered security therein, was not at the time of his tender as such security an eligible bondsman; for the reason that there was outstanding against him, at the time he was tendered as security, an unpaid judgment in favor of the City of St. Louis upon a forefeited bail bond. The return pleads an ordinance of the City of St. Louis (which we will set out in our discussion of the case) which, in substance, forbids the approval as bondsman of any person who shall, at the time he is tendered as such have outstanding against him an unsatisfied judgment rendered on a forfeiture of a bond. The above-mentioned ordinance also provides for the taking of bail and the execution and approval of bail bonds, and designates the officers who are thereby authorized to take and approve such bonds.

The above facts, as well as others not pertinent to the points which we find it necessary to discuss are, as stated, well pleaded in the return. No denial is made in the answer of petitioner of the truth of the above facts, or of any of them. In fact, the return sets out a photographic copy of the above-quoted paper offered by petitioner as a bond, and it is admitted by the answer that the photographic copy so pleaded by respondents is a true and correct copy of the identical bond by him tendered. Neither is there any denial made of the allegation of the return that said Grodsky, tendered as aforesaid by petitioner as his security, had, at the time of such tender of him as bail, outstanding against him an unsatisfied judgment rendered on a bond forfeiture.

Respondents in their return further aver that at the time of the arrest of petitioner there was in force a certain statute of this State which permitted the collection, by any police officer in charge of any police station, of a fee of fifty cents for each and every bond taken by any police officer for the appearance of any person charged with the violation of any ordinance of the City of St. Louis, It is further averred that petitioner refused to pay the said sum of fifty cents so authorized by the statute above mentioned to be collected for the taking and approval of such bond, and that for this refusal, if for no other reason, respondents were warranted in holding petitioner.

Petitioner in his answer admits the existence of this statute thus pleaded by respondents, which is, to-wit, Section 3459, Revised Statutes 1909, and which in pertinent parts reads as follows:

"This fund shall be created in the following manner: . . . all percentages of rewards allowed to members of any police force under the regulations of its department *together with a fee of fifty cents for each and every bond taken by any police officer for the appearance of any person charged with violating any city ordinance, which said officer is authorized then and there to collect*: . . . all of which money herein designated shall be paid to the treasurer of said relief association." (Italics ours). [Laws 1913, p. 192.]

But, petitioner avers that the above section of the statute, relied on by respondents for their second defense, is unconstitutional and void, for that it offends against divers provisions of the Constitution of Missouri, which he designates, as well as against the provisions of the Fourteenth Amendment to the Constitution of the United States.

The answer of petitioner to the return of respondents contained, when filed, the averment that petitioner had no information as to whether or not Grodsky, the person offered by him as a surety, had any bond forfeiture outstanding against him at the time he was tend-

ered as security; as also a general denial of all other allegations made in the return. Upon stipulation filed herein before submission, both of the above allegations of the answer were stricken out, thus leaving the averments of the return upon these points as the conceded and ultimate facts in the case.

The above facts, together with such further facts as we may find it necessary to set out in our discussion of the case, will suffice to make clear the points we find it necessary to decide.

The constitutionality of that part of Section 3459, Revised Statutes 1909, which provides that a fee of fifty cents shall be collected "for each and every bond taken by any police officer for the appearance of any person charged with violating any city ordinance," is most vigorously assailed by petitioner. But we have many times ruled that before a person may be heard to question the constitutional validity of any law such person must be in such position as regards the law which he attacks, as to be *directly affected* by it. [State v. Bockstruck, 136 Mo. 335; State v. Bixman, 162 Mo. 1.] While the cases which so hold are not precisely on all-fours with the actual points here presented, they are in all ways analagous.

Therefore, even if we were for argument's sake to concede that petitioner's attack upon the constitutionality of the statute, supra, is well taken, we are unable to reach and decide that point in this case. The facts of this case, as those facts are agreed to perforce the state of the pleadings, preclude any examination into the validity of the law which allows the charge complained of to be exacted. Petitioner never reached this point, for reasons which we point out below and which are manifest; therefore we cannot reach it.

Before petitioner was in a legal position to complain of the exaction of the sum of fifty cents for taking a bond for his appearance, *it was his duty to tender a good and sufficient bond, signed by a good and sufficient*

*bondsman.* He did not do either of these things. The lack
of doing both or either of these things warranted the
refusal of the police officer, or so-called "desk sergeant"
to take and approve the alleged bond tendered. Upon
these points the showing by the pleadings of the facts
is: (a) that the alleged bond tendered for filing to the
desk sergeant in charge of the Central District Police
Station, was a mere printed skeleton form, which did
not set forth in the body thereof the name either of the
principal, or the surety, neither was any sum specified
as a penalty therein, nor any day, or date for the ap-
pearance of the principal, nor any certain court named
before which he was bound to appear; (b) that said
alleged bond was not signed by a qualified surety, and
(c) that it was not approved as a bond, or as a sufficient
bond, by the desk sergeant, no indorsement of approval
appearing thereon. The above facts are pleaded in the
return, and are either admitted, or they are not trav-
ersed in the answer of petitioner. Therefore, they
stand conceded as the ultimate facts in the case, for the
purposes of this proceeding. [In re Breck, 252 Mo. l. c.
319; Ex part Durbin, 102 Mo. 100; Ex parte Bryan,
76 Mo. 253.]

It is manifest that under the definition of a bail bond,
as given by this court, the paper tendered was not a bail
bond, because it was lacking in certain essential fea-
tures of such instruments. [State v. Wilson, 265 Mo.
l. c. 19.] It is true that petitioner does plead that it
was, and long had been, the custom of the desk serge-
ant in charge of the Central District Police Station
to accept blank "scraps of paper" of the sort tendered
here as good and sufficient bonds, and upon this custom
petitioner bottoms the alleged duty of the desk sergeant
to accept as a bond the blank and incomplete paper which
was tendered in the instant case. The insistence is bot-
tomed, we assume, upon the theory of waiver. We do not
think such a doctrine has any application here. At com-
mon law, this desk sergeant, or police officer, could not

have taken or approved a bond for petitioner's appearance to answer the charge against him. Whatever authority this officer had in the premises was contained in and conferred alone by the ordinance. This ordinance was, so to speak, the power of attorney which gave the officer authority to take bail. [Lamar Township v. Lamar, 261 Mo. 171.] Pursuant to the procedural rule of necessity, petitioner will not be heard to deny knowledge of the terms of this ordinance. Its terms therefore were known to petitioner, as fully as they were known to the officer. The latter could not waive compliance with the terms of this ordinance. While there may possibly be cases, wherein a public officer whose duties and powers are prescribed by statute, or ordinance, may so far waive compliance on the part of others as to create liabilities against himself personally, or against such persons so dealing with him, it would be against public policy to require the municipality for which such officer acts or assumes to act, or to require his superior officers, either to suffer or be bound by such waivers. For these waivers are, in the last analysis, nothing but plain omissions to perform incumbent duties in the way the written law requires these duties to be performed. Whatever the custom may have been as to accepting blank papers in other cases in lieu of bonds, that custom cannot inure to the benefit of, or aid petitioner here.

Moreover, as already stated, the effect of the pleadings is to admit that the proposed bondsman offered as bail by petitioner was not a competent, or eligible surety. The return of respondents averred facts and pleaded an ordinance of the City of St. Louis, which conclusively show that the surety offered was not sufficient. These allegations of the return were not denied; so as seen above they stand as admitted facts in the case. The ordinance pleaded and that which confers, we take it, upon police officers the sole authority which such officers have to take and approve bonds for the appearance of

In re Tartar.

persons charged with violations of the ordinance of the City of St. Louis, reads thus:

"Any person arrested for any violation of an ordinance may be admitted to bail by executing a bond to the city, with sufficient security, to be approved by the mayor, comptroller, city court judge, the marshall or his deputies, the chief of police, police captains or other police officers in charge at the time of any station house, but by the city court judge only when the case is on the docket of the city court, in such an amount at the discretion of the officer as will secure the prisoner's presence, but not exceeding the sum of five hundred dollars, conditioned that said person appear upon a day named before the city court judge, or at such time as said cause may be continued by motion of the person arrested or by order of the city court judge, to await his or her trial upon the charge against him or her, and every bond taken as above shall be forthwith filed with the clerk of said city court, by the officer approving and taking out such bond; provided, that no attorney at law, police officer, constable or his deputy, or any officer of the City of St. Louis, whether elected or appointed, shall be received as security upon said bond; and provided, further, that no one shall be accepted as bondsman who shall have standing against him an unsatisfied judgment rendered on a forfeiture of bond." [Sec. 53, Art. 1, Chap. 4, R. C. St. Louis, 1914.]

Under the above ordinance it was the duty of petitioner to tender good and sufficient bail, that is to say, a qualified and financially solvent surety; being, either, *one who was actually approved by the police officer,* or one whose solvency, occupation and record were such as to render his approval by the police officer legally obligatory upon the latter. This, as it stands admitted upon the solemn record here was not done.

It follows that, for the failure of petitioner either to tender a good and sufficient bail bond, or to tender sufficient security thereon, the refusal of the police officer, or desk sergeant in charge of the Central District Police

Station, to release petitioner on bond, was justified. And this is so, regardless of whether Section 3459, Revised Statutes 1909, in permitting the collection of a fee of fifty cents for taking bond for the appearance of petitioner, is constitutional or unconstitutional. So, we conclude with the premise with which we began, that petitioner must be in, or must have brought himself into, a situation wherein he is directly affected by the law which he urges as invalid, before he will be heard to question that law. Since he failed to do this, we will not examine whether such law is good or bad from the standpoint of the Constitution.

It results that our writ of *habaes corpus* was improvidently issued and ought to be quashed and petitioner remanded to the custody of the respondents. Let it be so ordered. All concur.