LIMBURGER v. STATE.　(No. 7202.)

(Court of Civil Appeals of Texas. San Antonio. March 19, 1924.)

1. Principal and surety ⬅➡21—To bind one as surety name need not appear in body of bond.

The name of a surety need not be placed in the body of bond; the written signature of one in any part of it being sufficient to bind him as surety.

2. Bail ⬅➡55—Appearance bond naming date for principal's appearance, but omitting year, held sufficient, where year could be fairly presumed.

An appearance bond, executed in April, 1923, providing for principal's appearance before the district court of a certain county at a regular term thereof "on the second Monday in May, being the fourteenth day thereof," but omitting entirely to state the year, held sufficient compliance with Code Cr. Proc. 1911, art. 351, § 5, on the theory it was reasonable to presume that May, 1923, was meant, because the second Monday of that May was the fourteenth day as called for in the bond.

3. Bail ⬅➡79(2)—Facts held to entitle surety on forfeited appearance bond, against whom judgment was taken, to hearing and injunction pending hearing to restrain seizure on execution.

In a suit against the state to set aside a judgment obtained on a forfeited appearance bond and for temporary injunction to restrain the sheriff from enforcing writ of execution, the fact that the absence of the principal at the time of the judgment nisi was accounted for by death in his family, that he appeared at the same term and gave another bond, and that his attorney failed to represent him on the hearing when the final judgment was taken, held to present an equitable cause for hearing, and entitling plaintiff surety to a temporary injunction pending the hearing.

Appeal from Bandera County Court; R. H. Burney, Judge.

Suit by Otto Limburger against the State of Texas. From an order denying a temporary writ of injunction, plaintiff appeals. Reversed, with instructions.

H. S. Groesbeck, of San Antonio, for appellant.

L. J. Brucks, of Hondo, for the State.

FLY, C. J. This is a suit to set aside a judgment obtained by appellee on a forfeited

appearance bond given to secure the appearance of one Buck Weaver to answer a charge of the manufacture and possession of intoxicating liquor, the said bond being executed by Buck Weaver, H. M. Lanier, and Otto Limburger. Appellant, who was plaintiff below, sought also to obtain a temporary writ of injunction to restrain the sheriff of Bexar county from enforcing a writ of execution issued by virtue of the judgment on the appearance bond. The injunction was denied by the trial judge, and from that order this appeal has been perfected.

[1] It was alleged by appellant that on May 21, 1923, a judgment nisi was entered against him as a surety on the appearance bond of Buck Weaver in the sum of $500, and that judgment was made final on November 30, 1923, in Bandera county, and execution had been issued and placed in the hands of James Stevens, sheriff of Bexar county, with directions to collect the amount of the judgment. It was alleged that no evidence was introduced to support the final judgment, that the bond does "not show who the sureties are thereon, nor the relation of the parties to the obligation." The bond, which is attached as an exhibit to the petition, shows Buck Weaver is the principal, shows the crime with which he is charged, and provides for his appearance, and, while the names of the sureties do not appear in the body of the bond, they are signed to the bond, and necessarily are sureties. The law does not require that the names of the sureties be placed in the body of the bond. Writing his name in any part of the bond binds the surety. Fulshear v. Randon, 18 Tex. 275, 70 Am. Dec. 281; Taylor v. State, 16 Tex. App. 514.

[2] The bond which was forfeited was conditioned that Buck Weaver would "appear before the district court of said county, at a regular term thereof, to be held in and for said county, at the courthouse thereof, on the second Monday in May, being the fourteenth day thereof." The statute (article 321, Crim. Proc. § 5), requires that—

"The bond state the time and place, when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear."

The bond does not name the year in which the principal was to appear, but the year is entirely omitted. We think it is clear that, as the bond was taken in April, 1923, the May referred to was the one immediately following the execution of the bond. It seems clear that May, 1923, was meant because the second Monday of that May was the fourteenth day, which is called for in the bond. It is reasonable to presume that May, 1923, was meant. We are not willing to indulge in the hypothesis that some May several years in the future was intended.

[3] We think that the absence of the principal at the time of the judgment nisi was sufficiently accounted for by the death in his family, and that the fact that he appeared at the same term and gave another bond merited consideration by the court, as well as the failure of the attorney employed by appellant to represent him on the hearing when the final judgment was taken. All the facts taken together presented an equitable cause for hearing, and the temporary injunction should have been issued to restrain seizure and sale of appellant's property, pending a hearing.

The judgment will be reversed, and the clerk of the district court of Bandera county is ordered to at once issue a temporary writ of injunction restraining the sheriff of Bexar county, as prayed for by appellant, until the cause is heard on its merits by said district court.

Reversed, with instructions.