# APRIL 26, 1939

## L. C. CANTRELL ET AL V. THE STATE.

No. 19952. Delivered April 26, 1939.

The opinion states the case.

*Rogers & Spurlock,* of Fort Worth, for appellants.

*Will R. Parker,* Criminal District Attorney, and *W. V. Myres,* Assistant District Attorney, both of Fort Worth, and *Lloyd W. Davidson,* State's Attorney of Austin, for the State.

CHRISTIAN, JUDGE.—L. C. Cantrell was tried in the Criminal District Court of Tarrant County, Texas, upon an indictment charging him with murder. He was convicted and his punishment assessed at fifteen years in the penitentiary. After the trial term of court adjourned he entered into an appeal bond in the sum of $5,000, conditioned that he would abide the judgment of the Court of Criminal Appeals of Texas. J. A. Petty and L. G. Alread executed said bond as sureties. The judgment of conviction was affirmed by this court. Cantrell made default on said bond. A judgment nisi was rendered and upon a hearing

said judgment was made final, from which judgment this appeal is prosecuted by said Petty and Alread.

Appellants contend that the appeal bond is fatally defective in that it places upon the principal a burden more onerous than that required by the statute. We think this contention must be sustained. The bond recites that Cantrell stands charged by indictment in the Criminal District Court of Tarrant County, Texas, with the offense of murder, and further that he has been convicted of said offense. The condition reads as follows: "Now, therefore, the condition of the above bond is such that if the above-named principal shall make his personal appearance before the Honorable Criminal District Court of Tarrant County, Texas, at the term now in session holden at the court house thereof in and for the County of Tarrant and State aforesaid, instanter, and there remain from day to day and from term to term of said court and not depart therefrom *until discharged by due course of law, and then and thereto answer said above charge,* and abide the judgment of the Court of Criminal Appeals of the State of Texas in this cause, the said bond to be null and void, otherwise to be and remain in full force and effect." (Italics ours). It would appear that the provisions of the bond undertake to require Cantrell to appear in the Criminal District Court of Tarrant County from day to day and term to term to answer the charge of murder. In short, the bond undertakes to bind the principal to appear in the trial court from day to day and term to term to answer a charge of murder, notwithstanding the Court of Criminal Appeals might reverse the judgment. We have expressly held that upon reversal of a case by this court an appeal bond given by the appellant to abide the judgment in this court becomes functus officio. Sanders v. State, 158, S. W. 291. Apparently, in stipulating that Cantrell should appear before the trial court from day to day to answer the charge of murder, the officers intended that, in the event of a reversal, Cantrell would be bound to remain in the trial court from day to day and from term to term until he had been again tried upon the indictment charging murder, or discharged by due course of law.

Art. 817, C. C. P., reads as follows:

"In all appeals from conviction for felonies where bail is allowed by law, the following form of recognizance shall be considered sufficient when substantially followed:

" 'The State of Texas,
" 'No.               vs.
" 'A. B.

" 'This day came into open court A. B. defendant in the above entitled cause, who, together with C. D. and E. F. sureties, acknowledged themselves severally indebted to the State of Texas in the sum of $_____, conditioned that the said A. B., who has been convicted of a felony in this court, as more fully appears by the judgment of conviction duly entered in this cause, shall appear before this court from day to day and from term to term of the same, and not depart therefrom without leave of this court, in order to abide the judgment of the Court of Criminal Appeals of the State of Texas'."

Article 818, C. C. P., provides:

"If for any cause the defendant fails to enter into such recognizance, but gave notice of and took an appeal from such conviction during such term, he may give bail and obtain his release from custody by giving, after the expiration of such term of court, his bail bond to the sheriff, with two or more good and sufficient sureties, in which the defendant, together with his sureties, shall acknowledge themselves severally indebted to the State of Texas in the sum fixed by the court upon the conditions as are provided for in such recognizances. Before such bail bond shall be accepted and the defendant released from custody by reason thereof, the same must be approved by such sheriff and the court trying said cause, or his successor in office. When said bond is so given and approved, the defendant shall be released from custody."

Thus it is seen that the defendant's appearance in the trial court is for the purpose of abiding the judgment of the Court of Criminal Appeals, this being the only condition required or authorized by the statute. Manifestly the bond is more onerous than is required because it binds Cantrell to appear in the trial court from day to day and from term to term to answer a charge of murder, notwithstanding a reversal might have resulted. In Turner v. State, 14 Tex. Cr. R. 168, this court considered the sufficiency of an appearance bond embracing conditions as follows: "Now, if the above bounden J. J. Covington shall appear in person before the honorable District Court of said County of Shackelford, to answer said charge, at the time and place above named, and there remain from day to day, and from term to term of said court, and shall not depart thence without leave of said court, *and shall abide the final judgment of said court,* then this obligation to be null and void; otherwise to remain in full force and effect."

In the course of the opinion the court pointed out the requisites of a bail bond. The court said:

"It is to be conditioned that the defendant will appear before the proper court or magistrate, to answer the accusation against him. This is the only condition required or authorized by the law. It is evident, therefore, that the bond before us is more onerous than is required by the law, because it binds the defendant to 'abide the final judgment of court.' Such being the case the bond is a nullity, and cannot support the judgment based upon it. (Barringer v. The State, 27 Texas, 553; Johnson v. Erskine, 9 Texas, 10; Wooters v. Smith, 56 Texas, 198.)

"A bail bond, being a statutory bond, to be valid as such, must in every essential particular conform to the statute (Lawton v. The State, 5 Texas, 270; Warren v. The State, 21 Texas, 510). We do not feel authorized to treat the objectionable condition of this bond as mere surplusage. It is inserted as one of the conditions of the bond, and is as much a part of the bond as are the lawful conditions therein contained. * * * 'Any latitude allowed to officers whose duty it is to take bonds, in departing from the terms required by the statute in the structure and framing the bond, will be an encouragement to a further disregard and inattention to its requisitions'."

Giving effect to the above holding, we must order a reversal of the judgment.

The judgment is reversed and the cause ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.