**Fillberto CENA et al., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40673.**

Court of Criminal Appeals of Texas.

Dec. 6, 1967.

Rehearing Denied Jan. 31, 1968.

Bob Heath, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joseph W. Doucette and J. E. Naron, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal by a surety from a judgment forfeiting an appearance bond in the sum of $2,500.00.

Appellant's first ground of error is that the court erred in rendering final judgment because there were no pleadings to support the same. Appellant being an attorney, appeared pro se, and during his testimony stipulated that a judgment nisi was entered on April 7, 1966, the day the bond was forfeited, and he further stipulated that the same might be introduced in evidence. The judgment nisi appears in that portion of the record prepared by the clerk which precedes appellant's answer and his original petition which alleged that one Natalia Cena agreed to indemnify and hold him harmless in the event the principal to the bond forfeited the same. We are therefore not impressed with

his contention made on appeal that no such pleadings existed or that he was not notified of the hearing when final judgment was entered on April 3, 1967.

By letter of June 17, 1967, addressed to the clerk of the trial court appellant requested the clerk to include such Judgment of Forfeiture in the "Transcript" and the same was so incorporated. He may not be heard to complain that the same does not appear in the record twice.

He next contends that the bond is defective in that it does not give the time when the principal was to appear as provided by Sec. 5 of Article 17.08, Vernon's Ann. C.C.P. The bond provides in part:

"Now if the said Filiberto Cena shall be and personally appear before D. F. Thompson, Jr., Justice, at the Special Term of the Justice Court to be held in and for Harris County, at the Court House, Annex No. 1, 8903 La Porte Expressway, in the City of Houston in Justice Precinct No. 2, Harris County, Texas, INSTANTER, there to remain in attendance from day to day, and term to term, until discharged by due order of the Court, to answer the aforesaid accusations against him, and shall personally appear for any and all subsequent proceedings had relative to the above charges, before the Grand Jury of said County and before any Court of said County in which said subsequent proceedings may be pending and not depart the Court without leave, and then in that case the bond will be null and void, otherwise to remain in full force and effect."

The bond is in complete accord with the requirements for such bonds set out in Articles 273 and 275a, V.A.C.C.P., 1925, in effect at the time of the making of the bond (now Articles 17.08 and 17.09, V.A.C.C.P., 1965) and is therefore not defective.

Finding no reversible error, the judgment is affirmed.