Della B. HODGES, Appellant,

v.

The STATE of Texas, Appellee.

No. 46364.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Edith Roberts, Austin, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal by one of the sureties from a final judgment forfeiting an appearance bond.

 The appellant's first point of error is that the bond is insufficient to meet the requirements of Article 17.08, Vernon's Ann.C.C.P., Section 4, in that the principal's mailing address is not written on the bond. The bond introduced in evidence bears the name of the principal Marvin Roy Reid and his address is written on the back of the bond as being 1510 San Antonio, Apt. 1, Austin, Texas. In any event, the omission of the principal's mailing address on the bond has been held not to exonerate either the principal or the surety. Hall v. State, 485 S.W.2d 563 (Tex.Cr.App.1972) and Bowen v. State, 413 S.W.2d 915 (Tex.Cr. App.1967).

 The appellant's second point of error is that the bond is void on its face and fails to meet the requirements of Article 17.08, V.A.C.C.P. in that the said bond fails to show the Justice of the Peace precinct number and thereby fails to show a magistrate set the bond. The same contention has recently been rejected in Hall v. State, supra, and see Holley v. State, 70 Tex.Cr.R. 511, 157 S.W. 937 (1913). Although the bond introduced does not show in what Justice of the Peace Court the bond was set, it plainly requires that the principal, Marvin Roy Reid, shall well and truly make his personal appearance instanter before the 147th District Court of Travis County.

 The appellant's last point of error urges that the judgment nisi is void because it grants the State of Texas judgment against the principal and sureties in the total amount of thirty thousand dollars, which is twice the amount of the bond. The judgment nisi properly authorized recovery of fifteen thousand dollars, the full amount of the bond, from the principal and the sureties. As pointed out in Hall v. State, supra, and in Barrington v. State, 437 S.W. 2d 552 (Tex.Cr.App.1969) and the cases there cited, full payment by one of the parties would constitute complete settlement and satisfaction for all.

The judgment is affirmed.

Opinion approved by the Court.