**Alexander Howard RIDDLE and Basden & Walker, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 53224.**

Court of Criminal Appeals of Texas.

Jan. 5, 1977.

Russell C. Busby, Amarillo, for appellants.

Tom A. Curtis, Dist. Atty. and Bruce P. Sadler, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a bond forfeiture judgment in which appellant Alexander Howard Riddle was the principal on the Appearance (Bail) Bond and the bail bond company, Basden & Walker, a partnership, was surety.

The bond was signed by appellant Riddle as principal. In the space for surety the name Basden & Walker is typed and there appears the signature of Tate Walker. It is undisputed that Tate Walker was one of the partners of Basden & Walker, the bonding company. The bonding company filed a general denial as its answer in the forfeiture proceeding. At the bond forfeiture hearing on March 16, 1976, it was stipulated that Tate Walker was deceased. It was further stipulated that during his lifetime Tate Walker was a partner in the bonding company of Basden & Walker.

Appellant Basden & Walker, the partnership, contends that it did not execute the bond, but that Tate Walker, deceased, executed the bond individually rather than as the agent and partner of the firm of Basden & Walker. The court mentioned that he thought the issue was probably moot, since in a prior suit in which there were several bonds mentioned the issue now raised was settled, but the court could not recall if the present bond was mentioned at that time. However, he found and held that Tate Walker signed the instant bond as an agent of the appellant Basden & Walker and rendered judgment accordingly.

Initially, it is noted that the matter attempted to be raised on this appeal by the bonding company is a denial of execution by the bonding company, which is a plea of non est factum. Under Rule 94, Vernon's Annotated Texas Rules of Civil Procedure, the plea of non est factum is an affirmative defense and is waived unless affirmatively pled in a verified answer. A general denial is insufficient under Rule 94, supra. We hold that the issue now asserted was neither before the trial court nor is it properly before this Court. *Glover v. State*, 171 Tex. Cr.R. 156, 346 S.W.2d 121.

The judgment is affirmed.

Opinion approved by the Court.