## JOSIAH DYCHES AND ANOTHER V. THE STATE.

It is not a valid objection to a judgment *nisi*, on a bond for a party's appearance to answer to a charge of murder, that the affidavit on which he was brought before the justice of the peace, by whom the bond was taken, only charged him with an intent to kill.

A *scire facias* in which there is a copy of the judgment *nisi* against all the parties, is not objectionable, because in the mandatory part of it, the sheriff is only directed to serve the defendant for whom the writ was intended.

The statute requiring the justice to approve the bond taken by him from a party held to appear in the District Court, &c., is directory, and the bond is not a nullity, because the magistrate neglects to endorse his approval on it.

The approval may well be inferred from his return of the bond to the District Court.

In a proceeding by *scire facias*, on a judgment *nisi* against the sureties, it is not necessary to prove by the magistrate that he approved the bond, though he failed to make the endorsement; the defendants, therefore, cannot object to the refusal of the court to permit them to cross-examine the magistrate, when called for that purpose.

A *scire facias* may be issued to any county in which the party resides, against whom the judgment *nisi* has been rendered. Neither the *scire facias* nor the judgment, need show the place of his residence.

The whole case upon the motions, demurrers, and answers, none of which, under oath, impeached the execution of the bond, or alleged a want or failure of consideration, having been submitted to the judge without a demand for a jury, the defendants cannot object that the court decided questions of fact.

APPEAL from Williamson. Tried below before the Hon. Edward H. Vontress.

This was a proceeding by *scire facias*, on a judgment *nisi*, on a bond taken by a justice of the peace of Williamson county, on December 31st, 1856, from James C. Eaves, as principal, and Josiah Dyches, Joseph Fish, and Thomas B. Huling, as securities, in $1800, conditioned that said Eaves should appear at the next term of the District Court, of the said county, and from term to term, and answer to a charge of murder, committed on the body of John Hays.

At the Spring Term of the District Court, of Williamson county, an indictment for the murder of Hays, was preferred

against Eaves, and on his failure to appear, a judgment *nisi* was entered against all of the parties to the bond; which, together with the affidavit, and warrant issued by the justice of the peace, had been returned by him to the District Court. The affidavit charged Eaves with having made an assault with intent to kill Hays, from which he had probably died. The warrant for his arrest followed the affidavit.

The judgment *nisi* was in the usual form, and fully recited all the facts in connexion with the execution of the bond, its return into court, the indictment found by the grand jury against the principal, Eaves, his failure to appear, and answer thereto, &c., and ordered a *scire facias* to be issued, &c.

Writs of *scire facias* were issued to each of the parties to the bond, setting out in full, a copy of the judgment *nisi;* but in the mandatory portion of the writs, the sheriff was only commanded to cite the particular defendant, for whom the writ was intended. The writs for Eaves, Dyches, and Fish, were directed to the sheriff of Williamson county, and were executed by him on the two latter, but returned "not found" as to the former. The *scire facias* to Huling was issued to the sheriff of Lampasas county, and served by him, though there was no allegation in the judgment or writ, that he resided in that county.

Fish filed no answer; Huling excepted to the *scire facias*, because it was issued to Lampasas county; and he and Dyches excepted, because each of the defendants were not named in the writs. They also moved to quash, (among other grounds not noticed in the opinion, and which need not therefore be stated,) 1st. Because Eaves was only charged with an aggravated assault and battery on Hays; and he and his sureties had been required to give a supposed bond for Eaves's appearance, to answer to a charge for murder. 2d. No charge for the murder of Hays had been preferred against Eaves, as recited in the bond. 3d. The said bond had not been approved, or returned to this court, by any proper officer of the county, or State, in the manner and form required by law. They also filed a general demurrer; and answered that there was no record of

the said supposed recognisance, or bail bond, as in the *scire facias* mentioned; that the justice of the peace had no authority to require the said Eaves to give the bond; that he was unlawfully held in custody, and did not voluntarily enter into the said bond, but that he gave the same through duress; and that the charge of murder on the body of Hays, as recited in the said bond, had not been preferred against him.

On the trial of the cause, the district-attorney, on behalf of the State, proved, by the justice of the peace, by whom the bond had been taken, that he had approved it; whereupon the defendants proposed to cross-examine the justice, as to the matters stated by him, which the court, on objection being made, refused to permit them to do. To this ruling of the court the defendants excepted.

The defendants did not ask for a jury, but the whole matter, without objection, was disposed of by the judge, who overruled the defendants' exceptions and motions to quash, and gave judgment against the sureties, (a discontinuance having been entered as to the principal, who had not been served with the *scire facias.*)

The defendants, Dyches and Huling, moved for a new trial, on substantially the same grounds as had been previously presented; this motion was overruled, and they appealed.

*Hancock & Hughes*, for the appellants.

*George W. Paschal* and *George Flournoy*, for the appellee.

BELL, J.—We are of opinion, that there is no error in the judgment of the court below, for which it ought to be reversed. The record of the proceedings before the justice of the peace, which was sent up to the District Court, showed the circumstances under which the bond was executed, sufficiently to authorize the judgment *nisi*. The complaint to the magistrate, supported by the affidavit of the party making it, and the warrant issued by the magistrate for the arrest of the accused, ac-

companied the bond, and were before the district judge, when he entered the judgment *nisi.*

It is true, that the statute required the justice, before whom the examination took place, to approve the bond, and send it up to the District Court. This was directory to the magistrate, and we do not think that the bond could be treated as a nullity, because the magistrate had neglected to endorse on the bond itself, his approval of it. The approval might well be inferred from the fact, that the bond was returned to the District Court. It was unnecessary, therefore, to call the magistrate into the District Court, to endorse his approval on the bond, after it had been returned into that court, and after judgment *nisi* had been entered.

The judgment *nisi* is in proper form, and contains a recital of all the facts which authorized the court to render such a judgment. The *scire facias* contained a literal copy of the judgment *nisi.* It was not error to direct the writ to Huling, to Lampasas county. The writ issued from the proper court, by virtue of a sufficient judgment, and might properly have been sent to any county in which the party resided, against whom the judgment *nisi* had been rendered.

There was no denial of the execution of the bond by the defendants, under oath, nor was there any plea supported by affidavit, that the bond was executed without consideration, or that there had been a failure of consideration. The whole case was submitted to the judge, without any demand of a jury, upon the motions, demurrer, and answers, and we see no sufficient reason for disturbing the judgment. The judgment of the court below is therefore affirmed.

Judgment affirmed.