### WALTER NELSON ET AL. v. THE STATE.

#### No. 2721. Decided March 25, 1903.

**1.—Scire Facias—Bail Bond—Plea of Non Est Factum.**

On a scire facias to forfeit a bail bond, where the signatures of the principal and sureties were not attached to the bond, a plea of non est factum, on the part of defendants, was not required to test its validity.

**2.—Same—Signature of Parties.**

A bail bond not signed by the parties in any portion of the bond, but whose signatures were only attached to their affidavit of responsibility for the amount of said bond, is absolutely void, and did not bind the parties, as obligors, in the bond.

**3.—Same—Evidence—Judgment Nisi.**

On a scire facias proceeding, it is essential that the judgment nisi should be introduced in evidence.

Appeal from the County Court of Falls. Tried below before Hon. Ed. S. Lauderdale, County Judge.

Appeal from the forfeiture of a bail bond on scire facias.

The case is stated in the opinion.

*Hudson & Hudson,* for appellants, as to the insufficiency of the bond, cited article 309, Code Crim. Proc., subdiv. 4; Turney v. State, 31 Texas, 40; Holt v. State, 20 Texas Crim. App., 271. As to failure to introduce the judgment nisi in evidence, Houston v. State, 13 Texas Crim. App., 560; McWhorter v. State, 14 Texas Crim. App., 239; Goodwin v. State, 14 Texas Crim. App., 443; Hester v. State, 15 Texas Crim. App., 418; Baker v. State, 21 Texas Crim. App., 359.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—This is a scire facias case on a forfeited bail bond, and appellants insist the judgment should be reversed because they allege said bond is not signed. The bond set forth in the record is in the usual form of bail bonds. There is a place for signatures at the bottom of the bond, but no signatures appear here, either of the principal or sureties. Following this is the approval of the sheriff, and then follows this affidavit: " * * * This day personally appeared —— and —— whose names are signed as sureties on the above bond, after being duly sworn, deposes and say, each for himself separately, that they are each of them worth in property subject under the law to

execution, the amount for which they each render themselves liable as sureties on said bond, over and above all their separate liabilities." This affidavit is signed by "Walter Nelson. J. A. Hill. D. C. McCord, Jr." There is no plea of non est factum to said bond, and it has been held that, before the question as to the signatures of the principal and sureties on said bond can be raised, there must be a plea of non est factum, as in civil cases. Holt v. State, 20 Texas Crim. App., 271. However, we take it that this plea is required only where the bond is signed somewhere, not where no signatures at all appear to the bond. It has been held in a number of cases that if the parties—principal and sureties—sign the bond, if not at the end, where it is proper to be signed, but in the middle, or to any portion of the bond, intending that the same shall be their signatures thereto, this is sufficient. Fulshear v. Randon, 18 Texas, 275; Price v. State, 12 Texas Crim. App., 235; Taylor v. State, 16 Texas Crim. App., 514. In this particular case the parties do not appear to have signed the bond either at the bottom thereof, or in the body of the bond. So that here there is in fact no signature to the bond, but a signature merely to the affidavit reciting the fact, and referring to their signature to the bond. We hold the signatures to the affidavit were insufficient to bind the parties.

Appellants also insist that this cause should be reversed because the statement of facts fails to show that judgment nisi was introduced in evidence. This has been held to be essential. Houston v. State, 13 Texas Crim. App., 560; McWhorter v. State, 14 Texas Crim. App., 239; Hester v. State, 15 Texas Crim. App., 418; Baker v. State, 21 Texas Crim. App., 359. We have examined the transcript carefully, and the statement of facts fails to show that the judgment nisi was introduced in evidence.

For the errors discussed, the judgment must be reversed, and the cause remanded.

*Reversed and remanded.*