## C. B. DAVIS v. THE STATE.

### No. 4133. Decided May 5, 1909.

**Recognizance—Appeal from Justice to County Court.**

Where upon conviction of a misdemeanor in the justice court and an appeal therefrom to the county court, where the appeal was dismissed, and from said dismissal appellant prosecuted an appeal to the Court of Criminal Appeals and entered into a recognizance which did not comply with the statute and the precedents of this court, the same must be dismissed. Following Horton v. State, 43 Texas Crim. Rep., 600.

Appeal from the County Court of Mitchell. Tried below before the Hon. W. B. Crockett.

Appeal from a misdemeanor; penalty, a fine of $5.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an assault, and his punishment assessed at a fine of $5.

The Assistant Attorney-General moves to dismiss the appeal because the recognizance is defective. The recognizance shows appellant was convicted in the Justice Court and appealed to the County Court, where the appeal was dismissed, and from said dismissal he prosecutes an appeal to this court. The recognizance in this case is as follows: "This day came into open court C. B. Davis, the defendant in the above-entitled and numbered cause, who, together with B. F. Davis and J. E. Hooper, as his sureties, acknowledge themselves severally indebted to the State of Texas in the penal sum of two hundred dollars, conditioned that, whereas this cause was by this court, at a former day of this term of the court, to wit, October 24, 1908, dismissed, and November 6, 1908, the defendant filed his motion herein to reinstate this cause in the County Court of Mitchell County, Texas, which said motion to reinstate this cause, having been heard and duly considered by the court, is of the opinion that the law is against said motion, it is considered that said motion be, and the same is, hereby in all things overruled, to which action and ruling of the court the defendant then and there in open court excepted, and gave notice of appeal to the Court of Criminal Appeals of the State of Texas, and upon request made, the parties to this suit are allowed twenty days after the adjournment of the court for the term within which to make up, have

approved and filed statement of facts, and all bills of exceptions, and conditioned that the said C. B. Davis shall appear before this court from day to day and from term to term of the same, and not depart without leave of this court, in order to abide the judgment of the Court of Criminal Appeals of the State of Texas in this case." The same is defective, as suggested by the Assistant Attorney-General, and is contrary to the decision of this court in the case of Horton v. State, 43 Texas Crim. Rep., 600. For a discussion of the question, see said case. For the defects suggested in the recognizance by the decision cited the prosecution is ordered dismissed.

*Dismissed.*