BOB BARRETT ET AL. V. THE STATE.

No. 2006.    Decided November 13, 1912.

Rehearing denied December 11, 1912.

**1.—Scire Facias—Bail Bond—Felony—Variance.**

Where the bail bond stipulated that defendant should appear to answer an indictment charging him with a felony, and the judgment nisi read that the indictment charged defendant with the offense of a felony, to wit, burglary, there was no variance.

**2.—Same—Description of Offense—Bail Bond.**

Since the amendment of the Code Criminal Procedure in 1899, the law provides that it is only necessary that the bond state that defendant is charged with a felony, and it is not necessary to state therein the elements of the offense.    Following Hannon v. State, 48 Texas Crim. Rep., 199, and other cases.

**3.—Same—Time of Appearance—Date—Time and Place.**

Where the bail bond required the defendant to appear at the next term of the District Court, on the 11th day of September, 1911, the court being in session when said bond was taken, and said 11th day of September was a day of that term, the bond, nevertheless, correctly stated the time and place at which defendant was required to appear, under article 321, Revised Code Criminal Procedure, and the words, "next term of court," did not govern in fixing the date of appearance.

**4.—Same—Procedure—Civil Action.**

Under article 962, Revised Code Criminal Procedure, the proceedings in scire facias cases shall be regulated by those governing civil actions and the date in the alleged bail bond could not mislead anyone, and could not render the obligation void.    Distinguishing Thomas v. State, 12 Texas Crim. App., 416; Burnett v. State, 18 Texas Crim. App., 283; Heath v. State, 14 Texas Crim. App., 213; Wagner v. State, 28 Texas Crim. App., 419.

Appeal from the District Court of Fannin.    Tried below before the Hon. Ben H. Denton.

Appeal from a scire facias proceeding and a final judgment therein for the sum of $500.

The opinion states the case.

*Cunningham & McMahon,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Bob Barrett, on the 30th day of August, 1911, court then being in session, entered into bond for his appearance before the District Court of Fannin County on the 11th day of September, 1911, the condition of the bond reading, "that whereas the above named principal, Bob Barrett, stands charged by indictment duly presented in the District Court of Fannin County, Texas, with the offense of a felony; now if the said Bob Barrett shall well and truly make his personal appearance before said court at its next regular term to be begun and holden at the courthouse of said county in

the city of Bonham, Texas, on the 11th day of September, 1911," etc. Said defendant failed to appear and the bond was forfeited, and judgment nisi entered, it reading that the indictment charged him "with the offense of a felony, to wit: burglary." Upon the final trial the sureties appeared and objected to the introduction of the nisi judgment in evidence on the ground that a variance existed between it and the bond, in that the bond only stated he was charged with a felony while the judgment recited that he was "charged with a felony, to wit: burglary," and the further ground that burglary is not an offense eo nomine.

Since the amendment of the Code of Criminal Procedure in 1899, the law provides it is only necessary that the bond state he is charged with a felony, it now being wholly unnecessary to state therein the elements of the offense, and adding the words "to wit: burglary" did not render the judgment void. When it stated that he was charged "with a felony," that was in compliance with the law: Article 321, Code of Criminal Procedure; Nichols v. State, 47 Texas Crim. Rep., 406; Hannon v. State, 48 Texas Crim. Rep., 199; Davis v. State, 56 Texas Crim. Rep., 131.

The sureties also objected to the introduction of the bail bond in evidence, on the ground that it bound him to appear at an impossible date—the contention being that as the court was in session at the date of the execution of the bond, and the 11th day of September, 1911, was a day of that term, it was impossible for him to appear at *the next term of the court on the 11th day of September,* 1911, as the next term of the court would not begin until the first Monday in February, 1912, and could continue in session only nine weeks. Subdivision 5 of article 321 gives as one of the requisites of a bond "that it must state the *time and place,* when and where the accused binds himself to appear, and the court before whom he is to appear"; and provides that in stating the time, it is sufficient to specify the term of court. There is no question in this case but the bond correctly states the place, and the court before whom the accused was to appear, but it is insisted that the time is not made plain—in one instance stating the *next term of court,* which it is contended would bind him to appear at the February term, and in another place stating the time of appearance as the 11th day of September, 1911—a term in session at the time the bond was taken, and that the variance or duplicity is fatal to the validity of the bond. The statute, it will be noticed, requires only that the time and place be stated in the bond, and does not require that the term of court be named, it only stating that if the term is specified that will be a sufficient compliance with the requirement of stating time in the absence of a specific date being stated. As the bond named a specific date for the appearance of defendant, and at a time when the District Court of Fannin County was in session, we think the bond a valid one. No one could be deceived or misled as to the date defendant was required to appear—September

11, 1911. Article 962 of the Procedure provides, that in cases of final judgment or forfeited bail bonds, the proceedings shall be regulated by the proceedings that govern in civil actions, and in no civil action on a contract would such stipulation be held to render the obligation void. It is true that in statutory bonds they must in all essential particulars be drawn in conformity with the requirements of the statute, but to render a bond of this character absolutely void some of the essential requirements must have been omitted therefrom, or it must have been so worded as to mislead or deceive. None of the essentials are lacking, and no one we think could have been or was deceived as to the date the accused was required to appear and answer the charge against him. In support of his contention appellants cite us to several cases: Thomas v. State, 12 Texas Crim. App., 416; Burnett v. State, 18 Texas Crim. App., 283; Heath v. State, 14 Texas Crim. App., 213; Wagner v. State, 28 Texas Crim. App., 419. In the Thomas case it was held that as the bond bound the accused to appear on the 9th day of May, and the term of court could not begin until the 16th day of May, *and there was nothing in the bond by which this error as to time was pointed out and corrected,* the bond was void. In this case if it could be said that the words "next term of court" and the words "September 11, 1911," one or the other was an error, yet the terms and conditions and stipulations of the bond and time fixed pointed out the error, and fixed a specific day when the court was in session, and the defendant could not have been misled.

· In the Burns case it was held the bond required the accused to appear on the *date named in the bond,* and this governed, and not the words "next term of court," and because at the date fixed no term of court could be held the bond was void for that reason. This case supports the judgment of the trial court in this case, he holding that the date fixed was the time of appearance and governed, and it being during a term of court, the bond was valid, and this is in accordance with the decision of the court in the Burns case.

The Heath case is not in point, for in that case the issue was, had the time of appearance been changed in the bond after being signed from July to October, and the court held that this issue should have been submitted to the jury. In this case there is no contention that the bond has been changed or altered in any respect since its execution and delivery.

In the Wagner case it was also held that the bond was void, because it was changed after being executed, and because it named a past date. In the case of Brite v. State, 24 Texas, 219, when the Supreme Court was composed of Judges Wheeler, Roberts and Bell, and when it had criminal jurisdiction, that court held: "If a recognizance is defective, its defects can not be supplied by parol, but only by such intendments as the court can reasonably make, by the help of its judicial knowledge of facts. But where the recognizance contains words of certainty, which sufficiently inform the party where and when he is

required to appear, other erroneous or contradictory words used in the. recognizance may be rejected as surplusage. If, for instance, in the present case, the party had entered into recognizance, to appear at the next term of the District Court for Hays County, to be holden on the fourth Monday after the first Monday in September, the same being the 10th day of December, the latter words would have been plainly erroneous. But the party, in such case, would not be heard to say, that the recognizance was void. There would be two truthful recitals in the recognizance, and one false one. It would inform the party, that he was required to make his appearance at the next term of the District Court of Hays County, and that the next term would be holden on the fourth Monday after the first Monday in September; and the party could not treat the recognizance as a nullity, because it further stated, that the fourth Monday after the first Monday in September, was the 10th day of December." It is true, this case has been criticised and modified to some extent by some of our decisions on account of a change in the verbiage of our procedure, yet the decisions so holding say that the Code now provides that the *time* must be stated, and are authority for holding the bail bond in this case valid. If you treat the date named as surplusage, it would then read at the next term of court, which, under the Brite decision, would render it valid. If you treat the words "next term of court" as surplusage, the date as fixed was at a time when a term of court could be legally held, and the later decisions hold the bond valid. Neither stipulation can be construed to fix a time when the District Court would not be legally in session, and those cases cited which hold a bond void because the time fixed was a date when the court could not be legally held are not applicable to this case. The bond when read and construed as a whole fixed a definite time for the appearance of defendant, and a time when the District Court was legally in session in Fannin County, Texas, and it is not void, and the court did not err in admitting it in evidence. The date fixed in the bond governed.

No other questions are presented, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied December 11, 1912.—Reporter.]