## Della Lee Williams v. The State.

No. 17538.  Delivered May 29, 1935.

The opinion states the case.

*Hugh Carney* and *Howard A. Carney,* both of Atlanta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for forgery; punishment, two years in the penitentiary.

When our opinion herein was handed down there was no brief on file, and our attention was not called to certain matters which seem to make it necessary to reverse this case. The original opinion is withdrawn and the following is substituted.

Appellant is an ignorant colored woman, who proved an unusually good reputation by white witnesses. Apparently her sweetheart, Sam Royal, was in jail following an examining trial in which he had been bound over to await action of a grand jury. Appellant went to jail to see him and he handed her an appearance bond on which, according to her confession and her testimony on this trial, he told her Mr. Dave Coulter, a substantial citizen of a neighboring town, had authorized the putting of his name as surety. Appellant said she signed Mr. Coulter's name to the bond upon request of Royal and relying on his assurance that Mr. Coulter was willing for this to be done. Mr. Coulter testified that his name was so signed to said bond without his knowledge, consent or authority.

There are several complaints in appellant's motion based on matters which might have been available if properly brought to the attention of the trial court and request made that same be

submitted to the jury. Some complaints are aimed at the sufficiency of the bond in question, setting up that it fails to be such an instrument as could be the basis for a forgery. We deem it necessary to discuss but one of these complaints. Said bond was dated October 24, 1933, and bound Royal to make his personal appearance before the district court of Cass County at its next term to be begun and holden at Linden, Texas, on the 4th day of March, 1934. Attention is called in appellant's motion to a matter of which we take judicial knowledge, viz: that by law the district court of Cass County convened at Linden on the 10th Monday after the 1st Monday in January, 1934, which would be the 12th day of March, 1934. See article 199, Revised Civil Stats., 1925, subdivision 5. The preceding term of said court had expired by operation of law prior to March 4, 1934, and nothing in the record suggests or supports the proposition that a special term of the court had been called or was in session at said time,—hence we are forced to the conclusion that said bond fixed the required appearance of Royal at a time when no court was or would be in session in said county.

Our attention is attracted to the language of article 273, C. C. P., laying down the requisites of a bail bond. Subdivision 5 of said article is as follows: "That the bond state the time and place, when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear. In stating the time, it is sufficient to specify the term of the court; and in stating the place, it is sufficient to specify the name of the court or magistrate, and of the county."

We observe that this article was enacted in 1899, but exactly the same language appears in our Code of Criminal Procedure of 1879, and also the Revised Statutes of 1895, so that this was the law when the cases following were decided.

In Douglas v. State, 26 Texas App., 248, a bail bond similar in legal effect and verbiage to the one here involved was held a nullity, the court declaring that if the bond had only bound the accused to appear at the next term, this would have been sufficient,—but having gone further and fixed a particular date for his appearance at which time no legal term of the court in question could be held,—this made the bond fatally defective. Burnett v. State, 18 Texas App., 283, and Thomas v. State, 13 Texas App., 496, are cited in the opinion, and hold likewise. See, also, Wegner v. State, 28 Texas App., 419; Mackey v. State, 38 Texas Crim. Rep., 25. In Barrett v. State, 68 Texas Crim. Rep., 205, the exact point was avoided because the particular date named in the bond for the appearance of the principal was

at a time when the court would be legally in session. In King v. State, 42 Texas Crim. Rep., at page 110, Judge Davidson for this court quoted from Bishop's Criminal Law, sec. 538, as follows: "A writing affirmatively invalid on its face can not be the subject of forgery, because it has no legal tendency to effect the fraud. Entering into this question is the distinction many times adverted to in these volumes, that every man is presumed to know the law, yet not to know the facts."

Reasoning about the matter referred to, the learned Judge further says: "So it will be seen that the distinction is clearly drawn between knowledge of law and knowledge of fact. If the instrument is void on its face, it can not be the subject of forgery, but if valid on its face, though invalid as a matter of fact or under the proof, it would still be the subject of forgery."

Applying this to the case before us, if the instrument forged, i.e., the bail bond here,—bore upon its face evidence that it bound the principal in the bond to appear at a specified time when there could be no legal sitting of the district court at Linden,—we must presume that all men who signed said bond knew it was a nullity, because presumed to know the law, and hence said bail bond, bearing upon its face evidence of its own invalidity, was not such a document as could be the subject of forgery.

We regretfully say that we often observe in cases involving the validity of such bonds coming before this court, that there is not that care, on the part of those who take such bonds, in the observance of forms of law which ought to appear.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*