**Marcy L. HUBER, Appellant,**

v.

**Gustavus A. BUDER, III, Appellee.**

No. 16955.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 18, 1968.

Rehearing Denied Nov. 22, 1968.

Schenk & Wesbrooks, and Perry Wes-
brooks, Wichita Falls, for appellant.

Fillmore, Robinson, Lambert & Farabee, and Ray Farabee, Wichita Falls, for appellee.

OPINION

MASSEY, Chief Justice.

Child custody case. Judgment of the court removed legal custody from the mother and granted it to the father. An appeal was taken by the mother.

Affirmed.

Proceedings in the trial court were under number and style, as follows: "No. 76,302–A in the District Court of Wichita County, Texas; Marcy L. Buder vs. Gustavus A., Buder, III". There is no question but that the trial was conducted upon pleadings which raised all requisite issues in connection with the father's suit for a change in custody of the parties' four children, and the parties appeared and announced ready for trial. The aforementioned number and style was that of the parties' divorce action, pursuant to which, on June 9, 1965, the mother had been awarded legal custody of their children.

■ On appeal there is attack made upon the jurisdiction of the trial court to render a judgment changing custody of the children. The only predicate advanced for the contention is because the proceedings were conducted under the number and style of the original divorce proceeding, i. e., Cause No. 76302–A. We are convinced that complainant's right to make such complaint was waived by her participation in the conduct of the trial proceedings without objection, and that such comes too late on appeal. In any event, the fact that the trial of this change of custody case was held under mislabeled, misstyled and misnumbered pleadings would not constitute reversible error. Jurisdiction of the parties and controversy existed and the judgment rendered was authorized by law.

The trial court's findings of fact relative to there having been such change in circumstances of the father and of the mother as demonstrated changes in conditions affecting the matter or where the best interests of the children lay, in respect to legal custody were:

(As to father): While he did not have a suitable home for children as of original divorce and custody adjudication (June 9, 1965), he has subsequently married and has established a suitable home environment, and his present wife has established a good relationship with the children. The three older children, who have been permitted to express a preference in custodial care, unequivocally desire to reside with their father.

(As to mother): Since the original custody adjudication has married a foreign (German national) college student. She and her present husband have not used all the child support funds paid by the father for the children's use and benefit, having used some of it for other purposes. The relationship between the children and the mother's new husband has been poor, and in the home provided for them the children have not received the affection or attention they need. The mother is planning to remove the children to another state for the period necessary for her husband to attend graduate school. Should this move take place the children would be away from the community where they have lived all their lives, and would attend school in a different community.

(As to youngest child): At time of the original custody adjudication the mental status of the child was not fully known, he being of tender age. Subsequent developments indicate that the child is mildly retarded and needs a great deal of attention at home, as well as specialized treatment. The mother, as custodian, has failed to give the child the attention needed. The father, and his present wife, are better able to provide the attention and treatment the child needs than is the mother.

(As to all children): Should the children remain in the home of their mother

and her present husband there is a reasonable probability that serious behavioral problems will develop.

(Conclusion): It would be for best interests and welfare of the children that there be change of legal custody to the father.

◼ The legal requirements in connection with the requisites of establishing a prima facie case that there had occurred such a change in conditions since the last prior legal custody adjudication as to warrant an inquiry into the matter of a preferable legal custodian to presently serve the best interests of minor children are well known. We forego citation of authorities. From our careful examination of the record in the case there were several such changes in condition shown by legally competent evidence, as to some of which complaint is made. One would have been sufficient. The last prior legal custody adjudication was that made pursuant to the decree divorcing the parties, June 9, 1965. We hold that the subsequent agreed orders reducing the amount of child support for prescribed periods, during which the actual physical custody was in the father, were not adjudications bearing upon or in any way affecting legal custody. All the evidence bearing upon a change in conditions after June 9, 1965, was proper to be considered.

It is not to be doubted that the stage of the trial was arrived at where the trial court, sitting as trier of the facts as well as of the law, properly received and considered the evidence bearing upon the matter of whether it was to the best interest of the children that their legal custody be changed and vested in their father, or to their best interests that their mother continue to be their legal custodian. That there had been one or more changes of condition was not actually a matter of dispute.

◼ In hearing evidence for purpose of resolving such question the trial court permitted what was contended to have constituted "hearsay" evidence in respect to statements made by three of the children to parties and other witnesses. There was objection made because of this. The evidence was admitted. Of course it would be improper to consider this character of evidence as representing truth of the matters stated, but we do not believe that it was improper of consideration in an examination of and inquiry into the attitudes and reactions of the children. It would be proper to receive the evidence in order to consider it from the standpoint that the children would make the statements. The mental and emotional state of each child should be ascertained where such is important, as the trial court deemed it to be in this case, and, limiting the consideration thereof to such purpose, the trial court—in the exercise of discretion—would not be in error in admitting such evidence. With the purpose for which it was considered properly limited it would be material and evidentiary in connection with the ultimate and independently relevant conclusion to be drawn, to-wit: in the children's best interests who would be the preferable legal custodian. The "hearsay" rule would be inoperative insofar as the statements of the children were received for a purpose other than to establish the truth of any fact stated. The trial judge, sitting as the fact finder, is presumed to have considered such for the proper purpose and to have disregarded consideration for any improper purpose, absent affirmative showing to the contrary. There is no showing in the instant case that it was considered for other than a proper purpose. See 29 Am.Jur.2d, p. 555, "Evidence", VII. "Hearsay Evidence", B. "What Constitutes Hearsay Within Exclusionary Rule, in General", § 497, "Generally". Other recognized authorities in which support is to be found for the reception of this character of evidence so long as it is not used as evidence for the hearsay fact asserted are: Jones on Evidence (5th Ed.), Ch. VII, "Hearsay", § 271, "Extra-Judicial Statements Not Within the Rule"; Wigmore on Evi-

dence (3rd Ed.), Title II, "Analytic Rules (The Hearsay Rule)", Sub-Title II, "Exceptions to the Hearsay Rule", Topic XIII, "Statements of a Mental or Physical Condition", § 1715, "Circumstantial Evidence and Res Gestae Rule, distinguished."

Furthermore, the same three children were placed on the stand as the "Court's witnesses", with cross-examination permitted by the parties. During the course of their interrogation the children stated as truth substantially those same events concerning which the former witness had been allowed to testify as statements made by the children. The testimony of the children was original evidence.

■ We have already set out the substance of the Findings of Fact filed by the trial court. The mother of the children filed her additional request to make further findings, eighty-eight in number. Texas Rules of Civil Procedure 298, "Additional or Amended Findings". The trial judge refused to make the findings requested. We find no reversible error in the refusal.

The additional request in many instances sought findings contradictory to the findings made and filed in obedience to the original request therefor. Many findings requested would be merely evidentiary. In obedience to request made under T.R.C.P. 296, "Conclusions of Fact and Law", the trial court had made findings upon the material and controlling ultimate issues. These had application to questions upon changed conditions affecting the best interests of the children with respect to their current legal custody. There were no remaining ultimate issues to be resolved. Nothing incident to the refusal of the trial court to make any additional finding prevented an adequate presentation of any matter of which complaint was desired to be made on appeal. This is particularly apparent since a full and complete Statement of Facts was made a part of the record on appeal. No reversible error appears as result of the refusal to make the additional requested findings. See the various cases annotated upon the question under T.R.C.P. 298.

■ We also overrule the points advancing the contention of reversible error because the trial court did not appoint a guardian ad litem or attorney for the children.

On May 8, 1968, the Supreme Court reversed the judgment of the Court of Civil Appeals and affirmed the judgment of the trial court in an instance where a divorced mother and her successor husband had petitioned the lower court for a change in name of the minor child whose custody had been awarded to her pursuant to divorce proceedings; the natural father had appealed the order granting the name change. See King v. Newman, 421 S.W.2d 149 (San Antonio, Tex.Civ.App., 1947, writ granted), and Newman et vir. v. King, Tex., 433 S.W.2d 420. The Court of Civil Appeals had remanded the cause for a new trial, holding there was a "possible conflict between the best interests of this child and that of the Newmans" and that "the trial court should have appointed a guardian ad litem on behalf of said minor child." The Supreme Court reversed on the ground that no complaint of the failure to appoint a guardian ad litem for the child in either the trial court or the Court of Civil Appeals and that since the error, if any, would not constitute "fundamental error", the Court of Civil Appeals was not authorized to reverse upon an unassigned error.

In our case the question was that of right of legal custody of the person of minor children. Property rights, other than those incident to custody, were not involved in the case. We see nothing in the case indicative of a possible conflict between the best interests of the children involved and the change of custody sought by the natural father. The matter was never presented to the trial court at any time. No contention or showing of prejudice was made and passed upon in the trial court upon the question of a possible con-

**182**

flict of interest. We do not propose to be the first of Texas' appellate courts to reverse a trial court in a child custody case under these circumstances. The same applies to complaint because the children were not afforded independent legal counsel. We overrule the points of error presented though we are moved to express admiration for the presentation made in support of these contentions.

 We also overrule the point of error contending that in view of developments on trial, and because of the constitutional provisions relied upon under points discussed above (Section 19 of Article 1 of the Texas Constitution, Vernon's Ann.St. and the 14th Amendment to the United States Constitution), the court erred in rendering judgment without furnishing or appointing a qualified child psychiatrist, psychologist, and/or other family expert to evaluate the question of the children's best interests. In said connection reference is made to the provisions of T.R.C.P. 171, "Master in Chancery", and to Vernon's Ann.Tex.St., Title 43, "Courts—Juvenile", Art. 2338–2b., "Referee for Juvenile and District Court of Wichita County".

From the standpoint of any duty on the part of the trial judge to so furnish or appoint any other person or authority, we unhesitatingly hold that he was not under any such compulsion. As applied to the developments on trial an advantage is sought to be taken of remarks made by the trial judge at a stage of trial where it was indicated therefrom that he did desire an opinion of some expert in an appropriate field in connection with an inquiry into the state of mind and attitude of the minor children. The judge indicated that if someone deemed appropriate for the purpose were readily available in the vicinity of the trial he would arrange for their services as an independent enterprise of the court in aid of his decision in the case. It developed that there was no such person available or acceptable to the court. Thereafter the testimony of the children, in person, was admitted in evidence.

The ultimate authority and obligation to decide the issues of a case rest in the office of the trial judge. Masters in chancery, referees, or experts would be useful to him upon occasion, but the decision to be made is ultimately his alone. Hence the decision to resort or not to a use of their services is wholly discretionary with him.

It is believed that our discussion herein generally covers all points of error presented. In any event they have been severally considered and all and several are overruled.

Judgment affirmed.