**Jon SWAIM and Michael S. Parks,
Appellants,**

v.

**The STATE of Texas, Appellee.**

**Nos. 46238–46240.**

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Rehearing Denied April 11, 1973.

Second Rehearing Denied Sept. 7, 1973.

On Rehearing July 11, 1973.

Aultman & Riley by Randell C. Riley, Fort Worth, for appellants.

Ed Paynter, Dist. Atty., Sam Moore and Patricia A. Elliott, Asst. Dist. Attys., Abilene, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These are appeals from final judgments forfeiting appearance bonds.

The appellants were sureties on three bonds for Wanda Harman. A judgment nisi was entered in the 104th District Court of Taylor County forfeiting each of the three bonds. A final judgment was entered against Wanda Harman as principal and Michael S. Parks and Jon Swaim as sureties. Only the sureties have appealed from the judgment.

One of the appellants' points of error is that the bonds are invalid because they do not designate a proper court where the principal is to appear.

The State on the other hand argues that " . . . the bond[s are] very clear with regard to the court where the principal was to appear. The bond states, 'Now, if the said principal shall make his personal appearance instanter before —————, a Justice of the Peace in Precinct No. ————— of ~~Tarrant~~ Taylor County, Texas, at the Courtroom of said magistrate in ~~Tarrant~~ Taylor County, Texas and there remain from day to day and term to term of said Justice of the Peace Court until discharged by due course of law, then and there to answer said above described charge, *and shall personally appear instanter before any Criminal District Court of ~~Tarrant~~ Taylor County, Texas,* in the City of ~~Fort Worth, Tarrant~~ Abilene, Taylor County, Texas, in whichever of said Courts this cause may hereafter be pending as well as before any Court to which said cause may be transferred at any time when, and place where, the presence of the Defendant herein may be required under the Code of Criminal Procedure of the State of Texas

by any such Court, or Magistrate, and there remain from day to day and term to term of any such Courts in which or before whom said charge may be transferred or pending, for any and all subsequent proceedings had concerned with or relative to this charge, until discharged by due course of law; . . . ' " (Emphasis supplied by the State in its brief.)

It is obvious the printed forms used for each of the bonds were specially printed for use in Tarrant County. The bonds were executed in Tarrant County and approved by the sheriff of that county, then transmitted to Taylor County where the charges were pending.

The State's argument that the provision for the appearance of the principal in "any *Criminal* District Court in Taylor County" is a sufficient designation of the court is not sound. This court will take judicial knowledge that there is no *Criminal* District Court in Taylor County just as it took judicial knowledge that there was no *Criminal* District Court in Bell County in Mullins v. State, 168 Tex.Cr.R. 349, 327 S.W. 2d 578 (1959), a similar bond forfeiture case.

There is also a material variance between the bond which recites that the principal "shall personally appear instanter before any *Criminal* District Court of ~~Tarrant~~ Taylor County . . . " and the judgment nisi which recites that the bond was "conditioned that the Defendant, as principal, should well and truly make her personal appearance, instanter, before the Hon. District Court of Taylor County."

The judgments are reversed and the causes remanded.

Opinion approved by the Court.

## STATE'S MOTION FOR REHEARING

ODOM, Judge (dissenting).

The State's motion for rehearing has been overruled without written opinion.

On original submission these judgments were reversed because the bonds did not designate a proper court where the principal was to appear.

We now have been furnished a supplemental transcript which includes docket sheet entries in the three causes involved. The docket sheet entries affirmatively show that on November 19, 1971, Wanda Harman, the principal, appeared in the 104th District Court of Taylor County, and was duly arraigned, with attorney present, "and on plea of not guilty case set for trial on 3/13/72." The next entry on the docket sheet shows that the bonds were forfeited on June 5, 1972.

In Landrum v. State, 171 Tex.Cr.R. 106, 345 S.W.2d 752, this court stated:

" . . . all that is required is that the principal know where and in what court he was to appear. This he clearly did."

It is now clear that the principal in the case at bar knew when and in what court she was to appear.

I would grant the State's motion for rehearing, set aside the reversal, and affirm the judgment.

I respectfully dissent.

MORRISON, J., joins in this dissent.

## OPINION ON STATE'S SECOND MOTION FOR REHEARING

DOUGLAS, Judge.

On the original submission the bail forfeiture was reversed because there was no criminal district court in Taylor County and the bond provided that Wanda Harman, the accused, was to appear before any criminal district court of Taylor County.

As noted in the dissenting opinion Wanda Harman, the principal, appeared in the District Court of Taylor County and answered approximately two months before but did not appear on the trial date.

Although not squarely in point, this situation is somewhat analogous to that where there is an irregular citation in a civil case. Even if such a citation is not legally sufficient and a defendant makes a general appearance and answers, he has waived any error in such citation. See Texas Rules of Civil Procedure 120. Huber v. Buder, Civ.App.1963, 434 S.W.2d 177, ref., n. r. e.; White v. Zoning Board of Adjustment of City of Arlington, Civ.App. 1963, 363 S.W.2d 955. See also Bonds v. State, 162 Tex.Cr.R. 419, 286 S.W.2d 313. Even though the provision for appearance was in the bond and not in the citation, Wanda Harman, by appearing, shows that she knew where to appear. This does not present reversible error. See Blaine v. State, Tex.Cr.App., 494 S.W.2d 916.

Other questions raised on original submission will be considered.

Appellants' first point of error is that there is a fatal variance between the appearance bond and the indictment, the judgment nisi and the final judgment because the principal named on the bond is Wanda Starr Harman and the middle name Starr was omitted from the other instruments. The appellants' eleventh ground of error is that the State failed to prove that Wanda Starr Harman and Wanda Harman are one and the same person.

The middle name is not essential, and deleting or adding the middle name or middle initial does not create a variance. Thompson v. State, 169 Tex.Cr.R. 495, 335 S.W.2d 226. Harris v. State, 169 Tex.Cr.R. 298, 333 S.W.2d 381, and Lott v. State, 164 Tex.Cr.R. 395, 299 S.W.2d 145.

The appellants' points of error Nos. Two, Three, Eight and Ten have been briefed and argued together and they will be so considered here. In these points of error, it is urged that the bonds were not valid and enforceable because they did not reflect the offense with which the principal was charged and do not designate the time nor the court in which the principal is to appear.

The faces of the bonds reflect that the principal was charged with "a felony offense." This is sufficient. Article 17.-08(3), Vernon's Ann.C.C.P.; Pharis v. State, Tex.Cr.App., 362 S.W.2d 857; Rees v. State, Tex.Cr.App., 13 S.W.2d 856; Holley v. State, 70 Tex.Cr.R. 511, 157 S.W. 937; Barrett v. State, 68 Tex.Cr.R. 205, 151 S.W. 558; Davis v. State, 56 Tex.Cr.R. 131, 119 S.W. 95. In the affidavit of the sureties on the bonds it is recited that the " . . . affiant desires and proposes to become surety for Wanda Starr Harman in connection with shoplifting. . . . "

The appellants have briefed and argued points of error Nos. Four, Five, Six, Seven, Nine, Twelve, Thirteen and Fourteen together and we will consider and discuss them together as they all complain that the appellants were deprived of jury findings on various issues of fact.

It is stipulated that the appellants had made a proper and timely request for a jury trial. Jury trials are seldom sought in bond forfeiture cases. This may be because there are rarely issues of fact requiring jury determination, but if there are disputed issues of fact, a jury determination of such issues may be had in bond forfeiture cases. Short v. State, 16 Crim. R. 44 (1884). However, where no fact issue exists, the court may refuse a jury trial and render judgment. See Abbott v. State, 45 Tex.Cr.R. 514, 78 S.W. 510.

The appellants insist there was a question as to "whether or not Wanda Harman was present in District Court in Taylor County on June 5, 1972," and whether her name was called at the courthouse door. The State's proof was the judgment nisi which states she was not present at the designated time and that her name was called at the courthouse door. A fact issue is not raised as there is nothing in the record to rebut the State's evi-

dence. See Bennett v. State, Tex.Cr.App., 394 S.W.2d 804, and Deem v. State, 170 Tex.Cr.R. 564, 342 S.W.2d 758.

Appellants contend there was a fact issue raised as to whether the principal and sureties were notified to be present in District Court of Taylor County on June 5, 1972.

■ Appellants gave an insufficient address on the bond to require mailing of the notice under Article 22.05, V.A.C.C.P. However, it is not necessary that the principal write his address on the bond, as the absence of it will not exonerate either the principal or the surety. Hall v. State, Tex.Cr.App., 485 S.W.2d 563. Article 22.03, V.A.C.C.P., states: "Upon entry of judgment, a citation shall issue forthwith notifying the sureties . . . that the bond has been forfeited. . . ." This statute only requires notice to the surety of the forfeiting proceeding. See also Article 22.05, supra.

■ Another fact issue alleged is whether or not the principal had a valid reason for not appearing in court because of abuse from an assistant district attorney or for some other reason. As the principal had not appeared before final judgment or submitted a controverting affidavit showing sufficient cause for the principal not being present on the date set for trial, no question of fact was presented. Article 22.13(3), V.A.C.C.P.; James v. State, Tex.Cr.App., 413 S.W.2d 111, and Bowen v. State, Tex.Cr.App., 413 S.W.2d 915.

■ The appellants argue there is a question of fact as to whether the principal executed the bonds. The appellants did not under oath plead non est factum denying the obligations, which is required in order to raise a fact issue concerning the execution of the bonds. Glover v. State, 171 Tex.Cr.R. 156, 346 S.W.2d 121; Dyches v. State, 24 Tex. 266 (1859).

Since no issues of fact were shown to have been raised, the appellants were not erroneously deprived of a jury trial. See Abbott v. State, supra.

Other contentions raised have been considered and they are overruled.

The State's motion for rehearing is granted. The judgments are now affirmed.

## ON STATE'S SECOND MOTION FOR REHEARING

ONION, Presiding Judge (dissenting).

Believing that this cause was correctly decided on original submission, I dissent. Further, I believe appellants were denied their right to trial by jury.