**Gene SCOTT & Lee Bledsoe, Appellants,**

v.

**STATE of Texas, Appellee.**

**No. 11–82–252–CV.**

Court of Appeals of Texas, Eastland.

March 17, 1983.

Sam Moore, Robinson, Hanna, Moore, Holloway & Bentley, Abilene, for appellants.

John Kennedy, Asst. Dist. Atty., Abilene, for appellee.

RALEIGH BROWN, Justice.

This is a bail bond forfeiture case. On June 1, 1981, the principal, Raymond Eugene Emery, signed an appearance bond to appear before the District Court of Taylor County, Texas, in cause number 6821–B on the felony charge of driving while intoxicated, subsequent offense. The amount of the bond was one thousand five hundred dollars ($1,500). The following appeared on the bond under the signature of the principal: "Eagle Bail Bond By Danny C. Morgan, 317 Locust, Abilene, Tex. 79602 Ph. 915–673–5038." This information was found in four places on the bond and appeared to have been placed on the bond by way of a stamp.

On June 19, 1981, cause number 6821–B was called and defendant, principal, failed to appear. Judgment nisi was then entered forfeiting said bond. The judgment nisi recited that the sureties on the bond were Gene Scott and Lee Bledsoe.

Citation was issued and served on Scott and Bledsoe, as sureties on the bond.

Scott and Bledsoe originally answered by general denial. By way of amended answer, they urged that the judgment nisi was based on an invalid appearance bond. They contended that "The surety on said bond was purportedly Eagle Bail Bond but there is no authorized signature on the bond." An instrument purporting to be an affidavit verifying this amended answer was signed by Scott and Bledsoe. However, the instrument was not sworn to before a notary public or other official authorized to administer oaths.

After a hearing, the court entered its judgment making final the judgment nisi against Raymond Eugene Emery as principal and Gene Scott and Lee Bledsoe as sureties in the amount of one thousand five hundred dollars ($1,500). Scott and Bledsoe appeal. We reverse and render.

Bond forfeiture appeals are governed by the same rules governing civil actions where an appeal is taken. Tex.Code

Crim.Pro.Ann. art. 44.44 (Vernon 1979); *Surety Insurance Co. of California v. State,* 514 S.W.2d 454 (Tex.Cr.App.1974); *Salazar v. State,* 486 S.W.2d 323 (Tex.Cr.App.1972).

■ Appellants urge that the bail bond was not signed and is not a valid obligation upon which judgment can be rendered against them.

Tex.Code Crim.Pro.Ann. art. 17.08 (Vernon 1977) sets forth the requisites of a bail bond, including:

4. That the bond be signed by name or mark by the principal and sureties, if any, each of whom shall write thereon his mailing address.

Appellants essentially argue that "Eagle Bail Bond by Danny C. Morgan, 317 Locust, Abilene, Tex. 79602 Ph. 915–673–5038" stamped on the bond is noncompliance with Art. 17.08 supra, as it is not a "signature."

The use of a stamp producing a facsimile of an original signature in signing legal documents has been upheld by the Court of Criminal Appeals in *Estes v. State,* 484 S.W.2d 711 (Tex.Cr.App.1972) and *Parsons v. State,* 429 S.W.2d 476 (Tex.Cr.App.1968). There being no evidence that the use of the stamp was unauthorized, appellants' complaint regarding noncompliance with Art. 17.08, supra, is overruled.

■ Appellants also contend that the judgment nisi should not have been made final against them as there was no evidence that they were the sureties on the bail bond in question. We agree.

Neither Gene Scott nor Lee Bledsoe is named anywhere on the bond. The only evidence offered by the state to connect Scott & Bledsoe with the bond was an assumed name certificate. This certificate stated that Gene Scott is President and Lee Bledsoe is Secretary-Treasurer of an unnamed corporation doing business as Eagle Bail Bond. This unnamed corporation has not been named as a defendant and has not been served with process. Appellants argue that as officers of a corporation, they are protected from personal liability arising from the activities of the corporation.

The state's argument, without supporting authority, is that appellants have waived their complaint by failing to properly verify their pleadings raising this issue.

According to *Glover v. State,* 171 Tex. Cr.R. 156, 346 S.W.2d 121 (Tex.Cr.App. 1961), wherein a surety failed to deny under oath the execution of a bond by himself or by his authority:

To raise the issue that the appellant as surety did not sign the bond, the answer must contain an affirmative verified plea of non est factum. Rule 93, Texas Rules of Civil Procedure; 8 Tex.Jur.2d 208, Sec. 83; *Nelson et al. v. State,* 44 Tex.Cr.R. 595, 73 S.W. 398.

The rule announced in *Glover* is inapplicable to the case at bar because here we do not have persons named on the bond claiming it was not executed by them or with their authority. Rather, Scott and Bledsoe are not named on the bond at all.

This gives rise to a variance between the bail bond and the judgment nisi. The bond was stamped "Eagle Bail Bond by Danny C. Morgan" as surety. The judgment nisi stated that Gene Scott and Lee Bledsoe were sureties on the bond. The record reflects that appellants objected in the trial court to the introduction of the judgment nisi as it purported to take judgment of forfeiture against two sureties whose names did not appear on the appearance bond in question. This objection was overruled and the appearance bond and the judgment nisi were admitted into evidence. The final judgment of forfeiture carries forward the names of Scott and Bledsoe as contained in the judgment nisi.

Although the bond shows the surety to be "Eagle Bail Bond by Danny C. Morgan", the judgment nisi and final judgment recite that the sureties were Gene Scott and Lee Bledsoe. It follows that the proof is at variance with, and will not support, the judgment nisi and final judgment. See *Smith v. State,* 567 S.W.2d 10, (Tex.Cr.App. 1978).

In *Bowen v. State,* 413 S.W.2d 915 (Tex. Cr.App.1967), the court found no fatal variance where the name signed on the bail

bond by the surety was spelled "McClellan" and the name "McLellan" was found in the judgment nisi. However, the court determined that both names referred to the same person and observed that the names "McClellan" and McLellan" appeared to be idem sonans. In the instant case, there is no such similarity of names, and the variance between the bond and the judgment nisi is fatal.

A fatal variance was also found on rehearing in *Bonds v. State,* 162 Tex.Cr.R. 419, 286 S.W.2d 313 (Tex.Cr.App.1956). In *Bonds,* the bond stated that the principal was to make his appearance in one court, and the judgment nisi recited that the principal was to appear in a different court. That variance is more analogous to the instant case in which there is a different surety named on the bond. Appellants' names appear for the first time in the judgment nisi.

The judgment is reversed, and we render judgment that the state take nothing as against Gene Scott and Lee Bledsoe.